MARC J. WINTHROP -- State Bar No. 63218
CHARLES LIU -- State Bar No. 190513
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
mwinthrop@winthropcouchot.com
cliu@winthropcouchot.com

General Insolvency Counsel for
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>AUTOBACS U.S.A., INC.,<br>a California corporation,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 8:09-10898 ES<br><br>Chapter 11 Proceeding<br><br>**DEBTORS' MOTION FOR ORDER:**<br><br>(1) **APPROVING THE SALE OF STOCK FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363;**<br>(2) **APPROVING BID PROCEDURES; AND**<br>(3) **FINDING THAT BUYER IS GOOD FAITH BUYER**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>DATE: June 2, 2009<br>TIME: 10:30 a.m.<br>PLACE: Courtroom 5A<br>    411 West Fourth Street<br>    Santa Ana, CA 92701 |

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, THE MEMBERS OF THE CREDITORS COMMITTEE AND THE OFFICE OF THE U.S. TRUSTEE:**

Autobacs U.S.A., Inc., a California corporation, the debtor and debtor-in-possession herein (the "Debtor") hereby moves the Court for an order (1) approving the Offer to Purchase Common Stock of Autobacs Strauss, Inc. (the "Offer") regarding the sale of all of the outstanding common stock of Autobacs Strauss, Inc., consisting of 1,000 shares (the "Stock") to GRL Capital Advisors, LLC, a New Jersey limited liability company (the "Buyer"), a true and correct copy of which is attached as Exhibit "1" to the Declaration of Toshio Kitamura (the "Kitamura Declaration") appended hereto; (2) approving the bid procedures outlined herein; (3) authorizing the Debtor's proposed sale of the Stock free and clear of all liens and interests; and (4) finding that the Buyer is a good faith buyer (the "Motion").

This Motion is made and based on the grounds that the terms of the Offer are fair and reasonable, and the proposed overbid procedure described below is designed to promote competitive bidding on the Stock. Moreover, a sale of the Stock is in the best interest of the estate because Autobacs Strauss, Inc. is itself a Chapter 11 debtor and the Debtor believes that the Stock has no value at the conclusion of Autobacs Strauss, Inc.'s Chapter 11 case.

This Motion is further based on the attached Memorandum of Points and Authorities, the Kitamura Declaration, all papers and records in the Debtor's Chapter 11 case, all matters of which this Court may take judicial notice and such further evidence and argument that may be presented to the Court at or before any hearing on this matter.

**WHEREFORE,** the Debtor prays that this Court enter an Order:

1. Approving the Offer pertaining to the sale of the Stock, as is, where is, for a sale price of $7,500, or such higher price as may be realized from an overbid;

2. Authorizing (i) the Debtor to perform their duties under the Offer and to execute such other documents as may be necessary to consummate the transactions contemplated thereby, as well as by any final documentation which does not materially alter the terms of the Offer or such other documents which may be reasonably necessary to consummate same, (ii) all

1 conveyances contemplated by the Offer, and (iii) all necessary actions required in connection
2 therewith or contemplated thereby;

3     3.    Authorizing the sale of the Stock being sold to the Buyer or the ultimate purchaser,
4 pursuant to the Offer, to be free and clear of all liens, charges, security interests, encumbrances or
5 liabilities, including successor liabilities pursuant to Section 363 of the Bankruptcy Code or any
6 adverse claims (hereinafter collectively referred to as "Liens and Encumbrances"), if any, pursuant
7 to 11 U.S.C. § 363(f), with the Liens and Encumbrances to attach to the net sale proceeds in the
8 preexisting order of priority, and that disbursement of sufficient proceeds to satisfy and discharge
9 the outstanding secured indebtedness be specifically authorized to be made;

10     4.    With appropriate findings of the Court regarding the adequacy of notice to creditors
11 and parties in interest relating to the within Motion and the proposed Offer;

12     5.    With appropriate findings of the Court establishing: (i) the good faith of the Debtor
13 and the Buyer (or the ultimate purchaser) in connection with the negotiation, execution, delivery,
14 and consummation of the sale of the Stock, the creation and operation of the Offer, and the
15 consummation of the transactions contemplated thereby and by the documents to which reference
16 is made therein; and (ii) the arms-length nature of such negotiations and transactions, together
17 with such other findings as are necessary to ensure that the Debtor and the Buyer (or the ultimate
18 purchaser) are each entitled to the protection afforded by 11 U.S.C. § 363(m) with respect to all
19 transactions contemplated under the Offer and approved in such Court order; and

20     6.    Granting such other and further relief as the Court deems just and appropriate.

21
22 DATED: May 1, 2009                **WINTHROP COUCHOT**
                                     **PROFESSIONAL CORPORATION**
23
24                                     By:*/s/ Marc J. Winthrop*
25                                        Marc J. Winthrop
                                       Charles Liu
26                                        General Insolvency Counsel for Debtor and Debtor-
                                       in-Possession
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## SUMMARY OF MOTION

The Debtor is a retailer of aftermarket automotive parts and accessories targeted towards the high performance and motorsports market. The Debtor filed the instant Chapter 11 proceeding on February 4, 2009 (the "Petition Date"). The Debtor has sold its business as a going concern to GR Sales, Inc. and is now in the process of winding up its Chapter 11 case.

The Debtor also owns all of the outstanding common stock of Autobacs Strauss, Inc., a Delaware corporation ("Strauss"). By this Motion, the Debtor seeks to sell all of the outstanding common stock of Strauss, consisting of 1,000 shares (the "Stock") to GRL Capital Advisors, LLC, a New Jersey limited liability company (the "Buyer") pursuant to the Offer to Purchase Common Stock of Autobacs Strauss, Inc. (the "Offer"), a true and correct copy of which is attached as Exhibit "1" to the Declaration of Toshio Kitamura (the "Kitamura Declaration").

The Debtor believes the sale of the Stock pursuant to the Offer is in the best interests of the estate because Strauss is also a Chapter 11 debtor, and the Debtor believes its stock in Strauss has no market value. Therefore, even though the proposed sale price of $7,500 is modest, the Debtor believes it is reasonable considering the Stock's lack of market value.

## II

## BACKGROUND OF THE DEBTOR

**A.    The Debtor.** The Debtor was a retailer of aftermarket automotive parts and accessories targeted towards the high performance and motorsports market. The Debtor had two retail stores located in Stanton, California and Covina, California. The Debtor is wholly owned by a Tokyo, Japan based parent company, Autobacs Seven Co., Ltd. (the "Parent Company").

In addition to its own stores in Stanton and Covina, California, the Debtor also owns all of the outstanding common stock of Autobacs Strauss, Inc., a Delaware corporation ("Strauss"). Strauss is also a Chapter 11 debtor in a case pending before the United States Bankruptcy Court for the District of Delaware.

    **B.**    **The Debtor's Assets and Liabilities.** The Debtor's balance sheet shows assets of approximately $37 million which consists primarily of stock in Strauss ($32 million) with the balance consisting of inventory, equipment and fixtures. Because Strauss is also a Chapter 11 debtor, the Debtor believes its stock in Strauss has no market value. The Debtor currently has liabilities of approximately $3.8 million which consists primarily of $2.8 million in loans payable to the Parent Company and the balance being trade debt. The Debtor does not have any secured debt.

    **C.**    **Debtor's Financial Difficulties.** The Debtor's financial difficulties were caused by the recent dramatic downturn in the economy. The Debtor's original plan was to increase profitability by steadily opening new stores. Because of the current recession, however, the Debtor has concluded that it cannot profitably open any new locations for the foreseeable future. In addition, the Debtor is operating on a cashflow negative basis. To date, the Parent Company has acted as the Debtor's sole source of financing. Shortly before the Petition Date, the Parent Company informed the Debtor that it would no longer provide financing or any further advances to the Debtor. Because the Debtor's operating cash flow is insufficient to sustain its operations without funding from the Parent Company, the Debtor has determined that it is in its best interest to commence this Chapter 11 case.

    **D.**    **Disclosure Regarding Buyer.**

The Buyer's principals include Glenn Langberg, the President of Strauss.

### III

### THE OFFER

All creditors and parties in interest are urged to read the Offer in its entirety, and all statements herein are expressly subject to and controlled by the terms of the attached agreement. The significant terms of the Offer are as follows:[1]

---

[1] The following description of the significant terms of the Offer is a summary of the terms of the Offer. Capitalized terms used but not defined in this section shall have the meanings ascribed to them in the Offer. To the extent that this summary differs in any way from the terms set forth in the Offer, the terms of the Offer shall control.

-5-

### A. The Terms of the Proposed Sale.

- Assets. The Debtor shall sell to Buyer, free and clear of any and all encumbrances of all of the outstanding common stock of Autobacs Strauss, Inc., consisting of 1,000 shares.
- Purchase Price. The total purchase price ("Purchase Price") to be paid by Buyer to the Debtor for the Stock shall be $7,500.

### B. The Proposed Overbid Procedures.

- All overbids must be in cash.
- Any initial overbid shall be for at least $10,000.
- Any subsequent overbids shall be in increments of no less than $1,000.
- Initial overbids must be submitted to the offices of Winthrop Couchot Professional Corporation by no later than May 29, 2009.
- The sale shall be conducted at the hearing on this Motion in the above captioned Court.
- At the hearing on the Motion, the Bankruptcy Court shall decide which of the bids is the highest and best bid for the Stock, and such bid shall be deemed to be the "High Bid." The bidder whose bid is definitively deemed by the Bankruptcy Court to be the High Bid must pay all amounts reflected in the High Bid in cash within two day of entry of the order approving the sale.

The Debtor believes that establishing uniform procedures for bidding on the Stock will allow the Debtor and the Court to promptly review, analyze and compare all bids received to determine which bid is in the best interests of the Debtor.

## IV

## APPROVAL OF THE OFFER IS IN THE DEBTOR'S BEST INTERESTS

Section 363(b)(l) of the Bankruptcy Code provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(l); See, In re Ames Dep't Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (noting that "going-out-of business" sales are governed by section 363(b)). Further, section

1  105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or
2  judgment that is necessary or appropriate to carry out the provisions of this title." Id. § 105(a)
3        To obtain court approval to use property under section 363(b) of the Bankruptcy Code for
4  the purpose of a store closing sale, the Debtor need only show a legitimate business justification
5  for the proposed action. See, e.g., Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel
6  Corp.), 722 F.2d 1063, 1070-71 (2d Cir. 1983); Myers v. Martin (In re Martin), 91 F.3d 389, 395
7  (3d Cir. 1996); In re Wild Horse Enters., Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); In re
8  Walter, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988). "Where the debtor articulates a reasonable basis
9  for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will
10 generally not entertain objections to the debtor's conduct." Committee of Asbestos-Related
11 Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr.
12 S.D.N.Y. 1986).  When a valid business justification exists, the law vests the debtor's decision to
13 use property out of the ordinary course of business with a strong presumption "'that in making a
14 business decision the directors of a corporation acted on an informed basis, in good faith and in the
15 honest belief that the action taken was in the best interests of the company.'" Official Comm. of
16 Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656
17 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). Accordingly,
18 parties challenging a debtor's decision must make a showing of "bad faith, self-interest or gross
19 negligence." Integrated Res., 147 B.R. at 656 (citations omitted). Ample business justification
20 exists in this case.
21        The Debtor has determined that the sale of the Stock pursuant to the Offer is in the best
22 interests of the estate because Strauss is also a Chapter 11 debtor, and the Debtor believes its stock
23 in Strauss has no market value. Therefore, even though the proposed sale price of $7,500 is
24 modest, the Debtor believes it is reasonable considering the Stock's lack of market value. Since
25 the Debtor believes the Stock has no market value, if it is not sold quickly, the Debtor may not be
26 able to realize any value for the Stock.
27
28

V

**THE COURT SHOULD AUTHORIZE THE SALE**

**OF ASSETS FREE AND CLEAR OF LIENS**

The Debtor requests approval to sell the Assets under the Offer free and clear of any and all liens, claims, and other interests in accordance with section 363(f) of the Bankruptcy Code. A debtor in possession may sell property under sections 363(b) and 363(f) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions are satisfied:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

The Debtor believes that there are no secured creditors who are asserting an interest in the items the Debtor intends to sell by the Offer. To the extent there are any liens unknown to the Debtor, the Debtor proposes that any liens, claims and encumbrances asserted against the merchandise be transferred to and attach to the sale proceeds, subject to the rights, claims, defenses, and objections, if any, of all interested parties with respect thereto.

VI

**THE BUYER IS ENTITLED TO A FINDING THAT IT IS A**

**GOOD FAITH PURCHASER UNDER SECTION 363(m)**

Bankruptcy Code Section 363(m) provides:

"The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to any

entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."

11 U.S.C. § 363(m).

A good faith purchaser under Section 363(m) is one who purchases for "value" and there is no fraud or collusion in the bidding process. In In re Filtercorp, Inc., 163 F.3d 570 (9th Cir. 1998), the Ninth Circuit held that an insider-purchaser was a good faith purchaser under Section 363(m):

> [T]he bankruptcy court found that Gateway Lenders was a purchaser in good faith for all purposes including 11 U.S.C. § 363(m). This finding is not clearly erroneous. **A good faith buyer "is one who buys 'in good faith' and 'for value.' "** Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir.1992) (citing In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir.1986)). **"[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.' "** Id. (quoting Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir.1985)).

Id. at 577.

In this case, as stated in the Kitamura Declaration, there is no evidence of "self-dealing" or manipulation with respect to the sale of the Assets. Rather, the purchase offer was negotiated, with the assistance of counsel for the Debtor, with a purchaser that is also represented by counsel, in an arms-length transaction, and therefore constitutes a good faith purchase in accordance with 11 U.S.C. §363(m). In view of the sound business reasons for the sale and the sale's satisfaction of the procedural and substantive requirements of Bankruptcy Code Section 363(b), the Debtor submit that approval should be granted.

# VII

# CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court grant the relief set forth in this Motion.

DATED: May 1, 2009

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**


By:/s/ *Marc J. Winthrop*
    Marc J. Winthrop
    Charles Liu
General Insolvency Counsel for Debtor and Debtor-in-Possession

# DECLARATION OF TOSHIO KITAMURA

I, Toshio Kitamura, hereby declare and state as follows:

1. I am the President of Autobacs U.S.A., Inc., a California corporation, the debtor and debtor-in-possession herein (the "Debtor"). The facts stated herein are within my personal knowledge, whether acquired directly, or through my familiarity with the Debtor's books and records in my capacity as an officer. The opinions expressed herein represent the opinions of the Debtor entity, of which I am an authorized agent, unless otherwise indicated.

2. **The Debtor.** The Debtor was a retailer of aftermarket automotive parts and accessories targeted towards the high performance and motorsports market. The Debtor had two retail stores located in Stanton, California and Covina, California. The Debtor is wholly owned by a Tokyo, Japan based parent company, Autobacs Seven Co., Ltd. (the "Parent Company").

3. In addition to its own stores in Stanton and Covina, California, the Debtor also owns all of the outstanding common stock of Autobacs Strauss, Inc., a Delaware corporation ("Strauss"). Strauss is also a Chapter 11 debtor in a case pending before the United States Bankruptcy Court for the District of Delaware.

4. **The Debtor's Assets and Liabilities.** The Debtor's balance sheet shows assets of approximately $37 million which consists primarily of stock in Strauss ($32 million) with the balance consisting of inventory, equipment and fixtures. Because Strauss is also a Chapter 11 debtor, the Debtor believes its stock in Strauss has no market value. The Debtor currently has liabilities of approximately $3.8 million which consists primarily of $2.8 million in loans payable to the Parent Company and the balance being trade debt. The Debtor does not have any secured debt.

5. **Debtor's Financial Difficulties.** The Debtor's financial difficulties were caused by the recent dramatic downturn in the economy. The Debtor's original plan was to increase profitability by steadily opening new stores. Because of the current recession, however, the Debtor has concluded that it cannot profitably open any new locations for the foreseeable future. In addition, the Debtor is operating on a cashflow negative basis. To date, the Parent Company has acted as the Debtor's sole source of financing. Shortly before the Petition Date, the Parent

Company informed the Debtor that it would no longer provide financing or any further advances to the Debtor. Because the Debtor's operating cash flow is insufficient to sustain its operations without funding from the Parent Company, the Debtor has determined that it is in its best interest to commence this Chapter 11 case.

6. **Disclosure Regarding Buyer.** The Buyer's principals include Glenn Langberg, the President of Strauss.

7. A copy of the Offer is attached hereto as Exhibit "1."

8. The Debtor has determined that the sale of the Stock pursuant to the Offer is in the best interests of the estate because Strauss is also a Chapter 11 debtor, and the Debtor believes its stock in Strauss has no market value. Therefore, even though the proposed sale price of $7,500 is modest, the Debtor believes it is reasonable considering the Stock's lack of market value. Since the Debtor believes the Stock has no market value, if it is not sold quickly, the Debtor may not be able to realize any value for the Stock.

9. The Debtor believes that there are no secured creditors who are asserting an interest in the items the Debtor intends to sell by the Offer.

10. The purchase offer was negotiated, with the assistance of counsel for the Debtor, with a purchaser that is also represented by counsel, in an arms-length transaction.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of May, 2009, in Stanton, California.

Toshio Kitamura

# EXHIBIT "1"

**Matthew A. Lesnick**
Attorney at Law

185 Pier Avenue, Suite 103
Santa Monica, CA 90405
matt@lesnicklaw.com
t 310.396.0964
f 310.396.0963

April 21, 2009

**VIA E-MAIL AND U.S. MAIL**

Autobacs U.S.A., Inc.
c/o Marc Winthrop (mwinthrop@winthropcouchot.com)
Charles Liu (cliu@winthropcouchot.com)
Winthrop Couchot PC
660 Newport Center, Fourth Floor
Newport Beach, CA 92660-5946

*In re Autobacs U.S.A., Inc. ("AUSA"):*
*Offer to Purchase Common Stock of Autobacs Strauss Inc. ("ASI")*

Dear Marc and Charles:

I represent GRL Capital Advisors, LLC, a New Jersey limited liability company ("GRL").

GRL understands that AUSA filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court") and that its case is pending as Case No. 8:09-bk-10898-ES (the "Bankruptcy Case"). GRL further understands that AUSA is operating its business as a debtor in possession and that no trustee has been appointed.

As discussed in our previous telephone conversations, I am authorized to present the following offer on behalf of GRL:

GRL (or its nominee) hereby offers to purchase all of the outstanding common stock (consisting of 1,000 shares) of ASI (the "Shares"), which is currently owned by AUSA, according to the following terms and conditions:

1. AUSA shall deliver the Shares (to which it represents it has good title) to GRL pursuant to an appropriate Order of the Bankruptcy Court in the Bankruptcy Case stating that the sale is authorized and that the Shares are being transferred to GRL free and clear of any liens, claims, interests or encumbrances.

2. The purchase price shall be $7,500 cash at closing. GRL understands that the purchase price may be subject to overbidding. If GRL is not the

13

Marc Winthrop
Charles Liu
April 21, 2009
Page 2

successful bidder, it shall not be entitled to a "breakup fee." All overbids must be cash bids for all of the Shares. Any initial overbid shall be for at least $10,000. Any subsequent overbids shall be in increments of no less than $1,000.

3. No later than May 1, 2009, AUSA shall file a motion to approve the sale of the Shares to GRL and shall set the motion for hearing at the earliest Court date available on regular notice.

Please have your client sign below to indicate its acceptance of these terms, subject to approval by the Bankruptcy Court.

Sincerely yours,

*M*

Matthew A. Lesnick

cc:   Glenn Langberg (*via e-mail*)


**ACCEPTED & AGREED:**
(subject to Bankruptcy Court approval):

AUTOBACS U.S.A., INC.
By: _____
Name: __Hiroyoshi Kojima__
Its: __C.F.O__

14

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

The foregoing document described as: **DEBTORS' MOTION FOR ORDER:(1) APPROVING THE SALE OF STOCK AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; (2) APPROVING BID PROCEDURES; AND (3) FINDING THAT BUYER IS GOOD FAITH BUYER MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 1, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On May 1, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 1, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Buyer: Glenn Langberg - glennlangberg@gmail.com
Buyer's counsel: Matthew A. Lesnick – matt@lesnicklaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 1, 2009 | Viann Corbin | *Viann Corbin* |
|---|---|---|
| Date | Type Name | Signature |

# SERVICE LIST

## **NEF SERVICE**

- Howard Camhi   hcamhi@ecjlaw.com
- Kavita Gupta   kgupta@winthropcouchot.com
- Asa S Hami   ahami@sulmeyerlaw.com
- Michael J Hauser   michael.hauser@usdoj.gov
- Charles Liu   cliu@winthropcouchot.com
- Randall P Mroczynski   randym@cookseylaw.com
- Stacy Neuman   sneuman2@ford.com
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop   pj@winthropcouchot.com
- Cynthia Woodruff-Neer   cwoodruff-neer@alpine-usa.com

## SERVICE BY FIRST CLASS MAIL

| | | |
|---|---|---|
| Autobacs USA, Inc.<br>Toshio Kitamura, President/CEO<br>12645 Beach Blvd.<br>Stanton, CA 90680 | Office of the U.S. Trustee<br>Michael Huaser, Esq.<br>411 W. Fourth St., #9041<br>Santa Ana, CA 92701-4593 | *Autobacs*<br>*Special Notice List*<br>*Document No. 127653* |
| Committee Member<br>Toyo Tire (U.S.A.) Corp<br>Ron Craddock<br>~~5900 Katella Ave., Bldg A, #200~~<br>~~Cypress, CA 90630~~<br>4/3/2009 -- See New Address Below | Shapell Industries<br>Attn: Corporate Officer<br>27150K Alicia Parkway<br>Laguna Niguel, CA 92677 | Committee Member<br>Levin's Auto Supply LLC<br>Attn: Doug Stanley<br>8141 Elder Creek Road<br>Sacramento, CA 95824-02307 |
| Committee Member<br>Hercules Tire & Rubber Co. dba TWD<br>Attn: Richard J. Michal<br>1714 Anderson Ave.<br>Compton, CA 90220 | Committee Member<br>Pro-Motion Distributing<br>Attn: Eddy Chan<br>883 S. Azusa Ave.<br>Industry, CA 91748 | Committee Member<br>Minds Corp<br>Attn: David Sung<br>3647 San Gabriel River Pkwy<br>Pico Rivera, CA 90660 |
| 2/18/09 per MJW<br>Jeffrey Reisner, Esq.<br>Irell & Manella<br>840 Newport Center Dr., #400<br>Newport Beach, CA 92660-6324 | 2/24/09 NEF<br>Morgan Lewis & Bockius<br>Asa S. Hami, Esq. | 3/10/09 NEF<br>Neil E. Herman<br>Morgan, Lewis & Bovkius LLP |
| Toyo Tire Holdings of Americas, Inc.<br>Attn: Ron Craddock<br>P.O. Box 6005<br>Cypress, CA 90630-7000 | | |